UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                        Case No. 18-cr-31-pp

LORI ANN STRINGFELLOW,

    Defendant.

**ORDER ASKING DEFENSE COUNSEL TO INFORM THE COURT OF THE LOCATION FOR SURRENDER**

On July 10, 2019, the court determined that the defendant was mentally incompetent to the extent that she may not be able to understand the nature and consequences of the proceedings against her or is unable to assist properly in her defense. Dkt. No. 124. The court ordered the defendant committed to the custody of the Attorney General, and ordered her to self-surrender to the U.S. Marshal for the Eastern District of Wisconsin on August 9, 2019. Id.

Prior to that date, the marshal contacted the court, concerned that if the Bureau of Prisons had not yet designated the defendant to a federal medical facility by August 9, she might have to sit in local custody for days or weeks before receiving a designation, and then might have to wait longer for transport to the designated facility. Because the defendant is charged with a white-collar offense and has been out on bond, the court did not want that to happen. So on August 8, the court issued an order vacating that portion of its competency order that required the defendant to surrender by August 9. Dkt. No. 131. The

1

court also issued an order to the U.S. Marshal, asking that the marshal request placement of the defendant and notify the court once it learned of the designation. Dkt. No. 132.

The court did not hear from the marshal, so on August 21, 2019, it held a hearing. Dkt. No. 134. At that hearing, the court recounted the issues that had arisen—including defense counsel's contacts with the court's staff, asking for information about how to get the defendant to the designated facility (she is indigent and does not have transportation) and what she could take with her. Id. Counsel for the government reported that he'd learned that only a few days after the court had determined that the defendant was incompetent, the BOP had designated her to FMC Carswell in Fort Worth, Texas. He indicated that Carswell was ready to receive the defendant and to begin restoration treatment. The court explored several options with the parties, including whether there was a possibility of the defendant participating in restoration treatment in the community, rather than in custody, and whether there were funds available to get the defendant to Carswell. At the end of that hearing, the court asked the parties to follow up on the discussion, and to come back on August 28, 2019 for another hearing. Id. at 3.

At the August 28, 2019 hearing, the government attorney explained that he'd tried to contact the marshal but had not heard back. Dkt. No. 139. He said he had arranged with the Internal Revenue Service (the investigating agency) to have an agent accompany the defendant to Fort Worth, and for another agent to transport her from the airport in Fort Worth to Carswell. He

had not learned anything about funding the defendant's trip to Fort Worth. The probation officer reported that the probation office did not have funds for this purpose. Defense counsel did not know if funds were available, but understand that the Criminal Justice Act (CJA) would authorize payment of a community psychiatrist to provide the restoration treatment; he indicated that he was continuing to try to track down doctors who might be willing and available to do such work.

The court told the parties that it needed to check one more issue—whether CJA funds could be used to pay for the defendant's transportation—before it could render a decision.

Since that hearing, the court has checked with the Defender Services Division of the Administrative Office of U.S. Courts, as well as checking the CJA itself and the Guide to Judiciary Policy. As far as the court has been able to determine, the CJA does not authorize payment for transportation in situations such as this one. There is, therefore, no funding for private transportation to take the defendant to Fort Worth.

The court also has talked with the marshal service. They have indicated that if they were to transport the defendant, it would be by air. They indicated that they would be willing to find out the next date of the air transport leaving Chicago, and to let the court know that date. The defendant would have to surrender approximately five (5) days before the departure date for processing. But she would be able to leave from Chicago, if that is still where she is living.

The court has concluded that this is the appropriate option—to allow the defendant to turn herself in to the marshal for transport to Carswell. Before setting a surrender date, however, the court wants to make certain that the defendant is still in Chicago.

The court **ORDERS** that by the end of the day on Wednesday, September 11, 2019, defense counsel notify the court whether the defendant is still living in Chicago, or whether she has moved back to Milwaukee.

Dated in Milwaukee, Wisconsin this 5th day of September, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**